EMIL WILHEIM, RELATOR, v. CARRIE E. DRAKE, DEFENDANT.

Decided March 20, 1923.

**Office—Term of Overseer of Poor in Boroughs—Construction of Statutes of 1911 and 1922 Relating Thereto.**

Before a single justice.

For the relator, *John E. Tooland.*

For the defendant, *Emil Stremlau.*

The opinion of the court was delivered by

BERGEN, J. This is an information in the nature of a *quo warranto,* to test the right of defendant to oust relator from the office of overseer of the poor of the borough of Carteret.

The facts are all stipulated and show that relator was duly appointed to his office, in which defendant intrudes, on the 1st day of January, 1922, and being duly qualified entered on the duties of the office at once and served during the year 1922; that on January 1st, 1923, the defendant was appointed to the office and at once began the performance of its duties. The only question argued was whether relator's term

of office was for five years, as he claims, or only one year as defendant contends.

In the year 1911 the legislature by a general act made the term of office of overseer of the poor five years. (*Pamph. L., p.* 392), and on January 1st, 1912, relator was appointed overseer of the poor, which by law was for five years, but in 1913 (*Pamph. L., p.* 345) the legislature amended the Borough act and provided that an overseer of the poor might be appointed in boroughs to hold office during the pleasure of the municipal governing body, provided that no person should be removed without a hearing, and, unless sooner removed, should hold office for one year and until his successor shall have qualified. January 1st, 1917, relator was appointed to the office and held without further appointment until January 1st, 1922; he was again appointed under the act of 1921, and, if his contention is correct, his term will not expire until January 1st, 1927, and defendant is a usurper of the office. I am disposed to think that relator was serving under the Borough act of 1913 from January 1st, 1917, until the legislature adopted the act of February 1st, 1921, which re-enacted the act of 1911, and being general in its terms repealed the Borough act of 1913, as was held in *Shullise* v. *O'Neill*, 85 *N. J. L.* 15. But the defendant urges that the statute of 1922 (*Pamph. L., p.* 248), amending the Borough act, which was practically a re-enactment of the act of 1913, with some additional matter not pertinent to this question, limits the term of overseer of the poor to one year, and this shortens the term of office of the relator to one year.

The answer of the relator is that the act is not retrospective and therefore does not apply to persons in office for a fixed term, but only to one to be thereafter appointed when the term of office of those holding for a fixed term expires. There can be no doubt of the power of the legislature to shorten the term of a statutory office, but it must appear that it intended to do so. There is nothing in the act of 1922 indicating any such intention, nor that it is retrospective in its application, as it has been held repeatedly in this state; laws are supposed

to only act in the future unless the act by its terms, or plain purpose to be drawn from the act, it clearly appears that it was not the intention of the law maker to limit it to future conditions. In other words, it must clearly appear that the legislature intended to deprive an officer of a portion of the term for which he was then holding under a lawful appointment. *Spencer* v. *Middlesex Tax Board*, 95 *N. J. L.* 5. The relator is entitled to judgment.